In the Matter of the Compensation of
Beverly Newkirk, Claimant.

## NEWKIRK,
*Petitioner,*

*v.*

## CURRY GOOD SAMARITAN CENTER,
*Respondent.*

(85-11733; CA A42695)

751 P2d 1121

Robert F. Webber, Medford, argued the cause and filed the brief for petitioner.

Deborah L. Sather, Portland, argued the cause for respondent. With her on the brief was Moscato & Byerly, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

Claimant seeks review of a Workers' Compensation Board order that found that her temporary total disability (TTD) benefits had been properly calculated. We reverse and remand.

Claimant was hired by Curry Good Samaritan Center (Curry) as a part-time nursing assistant. Her working hours were to vary, depending on her availability and Curry's needs. She began work on June 12, 1983, and worked 45 hours that week, including 37 hours of job orientation. She was injured at work during that first week, on June 17, but did not report the injury to Curry until July 20. In the four weeks following her injury she worked 37, 29 1/4, 32 and 25 hours, respectively. She worked only 16 hours in three days in the last week before she stopped working because of the June 17 injury.

ORS 656.210(2)(b)(B) provides that TTD benefits "shall be based on the wage of the worker at the time of injury." *Former* OAR 436-54-212 *(now* OAR 436-60-020) provides, in pertinent part:

"(4) The rate of [TTD] compensation for workers employed with unscheduled, irregular or no earnings shall be computed on the wages determined in the following manner:

"(a) Employed on call basis: Use average weekly earnings for past 26 weeks, if available, unless periods of extended gaps exist, then use no less than last 4 weeks of employment to arrive at average. For workers employed less than 4 weeks, or where extended gaps exist within the 4 weeks, use intent at time of hire as confirmed by employer and worker.

"* * * * *

"(c) Employed varying hours, shifts or wages: Use average as in subsection (a)."

Under that rule, claimant's TTD benefits are to be based on her weekly earnings for the five full weeks of her employment, before the week when she stopped working, because she was not employed less than four weeks and there were no extended gaps in her employment.

It is undisputed that claimant was hired as a "part-time" employe, with her hours to vary according to her availability and Curry's needs. On that basis, claimant's TTD benefits should be calculated on the basis of her weekly average of

33.65 hours. We include the hours devoted to job orientation as hours worked during claimant's first week in our calculation, because she was required to be at the workplace for those hours, just as she was later in performing services for Curry.

Reversed and remanded for recalculation of benefits consistently with this opinion.